CLYBORN, Appellee,

v.

CLYBORN, n.k.a. Fisher, Appellant.

[Cite as *Clyborn v. Clyborn* (1994), 93 Ohio App.3d 192.]

Court of Appeals of Ohio,
Hardin County.

No. 6–93–7.

Decided Feb. 16, 1994.

*Randy L. Crates,* for appellee.

*David E. Bowers,* for appellant.

———————————

EVANS, Judge.

This is an appeal by defendant-appellant Tonja L. Clyborn (n.k.a. Tonja Fisher) from a decision of the Common Pleas Court of Hardin County overruling her motion for a change of custody.

This protracted custody dispute arises out of the marriage and divorce of John Wesley Clyborn and Tonja Clyborn. The parties were married on May 17, 1980, and had three children born as issue: Kierston, Kendra and Kalyssa. The parties were divorced on April 5, 1989, with custody of the children being granted to appellant. On July 5, 1989, the parties jointly moved for a change of custody and on August 17, 1989, appellee was granted permanent custody of the three girls. On September 17, 1991, appellant filed a motion for a change of custody. Prior to a hearing on the matter, the trial court appointed a guardian *ad litem* for the children and ordered psychological testing for both parties and the children.

The matter came on for hearing before the trial court's referee, who heard testimony from Dr. Ferri, the psychologist who performed the evaluations, a therapist who counseled with appellant, friends, family and other witnesses. The referee also conducted an *in camera* interview with the three girls.

On March 25, 1993, the referee issued an exhaustive report thoroughly detailing the evidence that was adduced over four days of testimony and correctly stating the applicable law. The referee concluded appellant's motion to change custody should be overruled. The trial court adopted this recommendation.

From this judgment, Tonja Fisher appeals, asserting three assignments of error, the first of which states:

"The finding granting custody to the appellee-husband was contrary to law under O.R.C. § 3109.04(E)(1)(a) because the court used an improper standard in making its determination, i.e., the court erroneously placed upon appellant-wife the burden of showing a 'substantial' change in circumstances, when in fact evidence indicated a 'change of circumstances' had occurred, warranting a change in custody."

■ Appellant contends the trial court, in its written opinion adopting the referee's report, elevated the standard by which she had to prove her motion by requiring her to demonstrate that a 'substantial' change of circumstances occurred rather than simply a change of circumstances. We disagree.

R.C. 3109.04(E)(1)(a) states in relevant part:

"The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * * unless a modification is in the best interest of the child and one of the following applies:

" * * *

"(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

The statute does not require a "substantial" change in circumstances. The trial court's use of the term "substantial" in its findings is not indicative of an erroneous application of the law by the trial court. The court correctly delineated the standard applicable to a motion for a change of custody by stating: "[T]he touchstones of a change in custody remain the best interest of the children and a change in circumstances." Also, the court adopted the referee's report, which accurately stated the applicable law prior to concluding no change of circumstances had occurred.

Appellant's first assignment of error is overruled.

Appellant's second assignment of error states:

"The trial court erred in failing to find facts unknown to the court at the time of the prior decree which would warrant a change of custody of the minor children, as there was competent, credible evidence fulfilling the requirements of O.R.C. § 3109.04(E)(1)(a), and was therefore an abuse of discretion and contrary to law."

■ Appellant contends that when she originally agreed to the court's granting appellee custody of the children the court was unaware she was under extreme duress caused by appellee. Appellant asserts that allowing appellee to retain custody rewards him for his coercive conduct that led her to relinquish custody of the children.

The record does not establish that the trial court was unaware of appellee's coercive conduct that allegedly resulted in appellant's relinquishing custody. The record does indicate this case has had a long and protracted history in the common pleas court. In adopting the referee's report, the trial judge stated:

"In August of 1989 the Court granted a motion of Plaintiff for change of custody by agreement of the parties. At that hearing both parties appeared in open Court and advised the Court that this change was for the best interest of the children. The court recalls some allegations at that time concerning abuse and neglect of the children. Mrs. Fisher was at that time going through a period of emotional difficulty and was unable to care for the children properly. * * * "

At a minimum, the court was aware appellant was having emotional difficulty.

Also, simply identifying a fact that was unknown to the court at the time of the prior decree is insufficient to warrant a modification in custody. R.C. 3109.-04(E)(1)(a) requires this unknown fact to be the basis of a change of circumstances for the child or the residential parent. Appellant has failed to show how appellee's "coercing" her to relinquish custody is a change in the present circumstances. While the record indicates appellant's emotional state has improved since being "coerced" to relinquish custody, such a change is irrelevant because the statute requires a change in the circumstances of the child or the residential parent.

Appellant's second assignment of error is overruled.

Appellant's final assignment of error claims:

"The trial court erred and abused its discretion in failing to change custody of the children from plaintiff-appellee to defendant-appellant when evidence showed that the change was necessary for the well-being of the children and that the existing custody arrangement endangers the children's mental health and development."

In this assignment of error appellant contends the court's decision not to change custody was against the manifest weight of the evidence.

In order to modify an existing custody decree the trial court, pursuant to R.C. 3109.04(E)(1)(a), must find that (1) a change has occurred in the circumstances of the child, the residential parent or either parent when there is a shared-parenting decree, and (2) that the modification is necessary to serve the best interest of the child.[1] This statute continues by precluding a court from ordering a change in custody unless it is within the best interest of the child and the harm which occurs when custody is changed is outweighed by the advantages resulting from

---

1. R.C. 3109.04(F)(1) provides the criteria for determining the best interest of the child.

the change in custody. The purpose of requiring a change in circumstances is to prevent a constant relitigation of the issues raised and considered when the trial court issued its prior custody order. *Perz v. Perz* (1993), 85 Ohio App.3d 374, 376, 619 N.E.2d 1094, 1096.

In the instant case, there was evidence from which a reasonable trier of fact could reach different conclusions on the issue of whether a change of circumstances had occurred. This court will not substitute its judgment for that of the trier of fact when there is evidence in the record to support the trial court's decision. Judgments concerning a change of custody of minor children will not be reversed absent a showing that the trial court abused its discretion. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 523 N.E.2d 846. The trial court is better equipped than a reviewing court to make a proper decision regarding custody. *Id.* at 74, 523 N.E.2d at 849. See, also, *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772, 774. A reviewing court must not undertake to weigh the evidence and pass upon its sufficiency, but must ascertain from the record whether there is some competent evidence to sustain the findings of the trial court. *Ross v. Ross* (1980), 64 Ohio St.2d 203, 204, 18 O.O.3d 414, 415, 414 N.E.2d 426, 427–428.

Moreover, if any change of circumstances did occur there was still no evidence to show a modification of custody would be in the best interest of the children. The trial court noted the parties were not perfect in their parenting skills, but found the girls to be healthy, reasonably happy and doing well in school. Also, the psychologist testified both parties were suitable parents.

We find no abuse of discretion by the trial court.

Appellant's third assignment of error is overruled.

Having found no error prejudicial to the appellant herein in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.