Appellant Patricia L. Goetze appeals from a judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, denying her motion for a change of child custody.
Patricia advances two assignments of error. First, she contends the trial court erred by failing to consider changes in her circumstances from the time of an earlier shared-parenting decree. Next, she contends the trial court erred by finding modification of the existing shared-parenting plan not in the best interests of the parties' children.
The present appeal stems from Patricia's June 26, 1995, "Motion for Change of Custody." In her motion, Patricia sought sole custody and designation as "residential parent" of the parties' two children, Dylan and Damon. Following a hearing, a magistrate issued a decision and permanent order granting Patricia's request for a change of custody and terminating the parties' shared-parenting decree. The trial court subsequently sustained appellee Karl Goetze's objections to the magistrate's ruling, however, and issued a March 17, 1997, decision and judgment entry denying Patricia's motion. In its ruling, the trial court found changes in Patricia's life largely irrelevant and, in any event, insufficient to warrant a change of custody. The trial court also found a change of custody contrary to the best interests of the parties' children. Patricia then filed a timely appeal advancing the following two assignments of error:
 I. "The trial court erred and/or abused its discretion in finding that no change in circumstance had occurred in the circumstances of the appellant."
In her first assignment of error, Patricia challenges the trial court's conclusion that no "change in circumstances" warranted changing the parties' custody arrangement. More specifically, Patricia contends the trial court erred by discounting the importance of various changes in her life.
In its decision denying Patricia's motion, the trial court stated in relevant part:
 "The [p]arties have a shared parenting plan which provides that the children will reside with Defendant in California except for six weeks during the summer and time at spring break when they will be with Plaintiff. This, in essence, is a sole custody agreement couched as shared parenting. In sole custody situations, the change must relate to the circumstances of the child or residential parent. Clyborn v. Clyborn (1994), 93 Ohio App.3d 192, 195. In the instant case, were the shared parenting plan is one of name only, the Court does not believe that a change in circumstances of the non-residential parent meets the changed circumstances requirement."
Patricia argues on appeal that the trial court erred by effectively converting the parties' shared parenting plan into one granting Karl sole custody and then deeming irrelevant certain positive changes in her place of residence, employment, and emotional well being.
After reviewing the record and applicable Ohio law, we find Patricia's argument unpersuasive, but for reasons other than those suggested by the appellee. In finding a "change of circumstances" relevant to Patricia's motion, the parties and the trial court relied upon the general parental rights modification provision, R.C. 3109.04(E)(1)(a), which provides:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that modification is necessary to serve the best interest of the child * * *."
Significantly, however, Patricia was not attempting to "modify" the prior decree. Instead, she sought to terminate the shared parenting decree and to be designated as the children's custodial parent. A second provision, R.C. 3109.04(E)(2), sets forth different requirements when the parties jointly seek modification, when the trial court independently finds modification in the best interest of the children, or when one or both parties seek termination of a shared parenting plan. In relevant part, R.C. 3109.04(E)(2) states:
 "(2) In addition to a modification authorized under division (E)(1) of this section:
* * *
 "(c)The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (D)(1)(a)(iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. * * *."
Additionally, R.C. 3109.04(E)(2)(d) provides:
 "Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children * * * as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made."
Several appellate districts, including this one, have held that a trial court need not find a change of circumstances before terminating a shared parenting decree. In Brennaman v. Huber (Mar. 20, 1998), Greene App. No. 97 CA 53, unreported, we explained:
 "R.C. 3109.04(D)(1)(d) provides that a `final shared parenting decree issued under this division has immediate effect as a final decree on the date of its issuance, subject to modification or termination as authorized by this section.' (Emphasis added). R.C. 3109.04(E)(1)(a) provides for modification of decrees allocating parental rights, including shared parenting plans. As a prerequisite for modification under R.C. 3109.04(E)(1)(a), the trial court must find a change of circumstances. However, R.C. 3109(E)(2)(c) provides that [i]n addition to a modification authorized under division (E)(1) of this section * * * the court may terminate a prior final shared parenting decree that includes a shared parenting plan * * * upon the request of one or both parents or whenever it determines that shared parenting is not in the best interest of the children.
 "Significantly, nothing in R.C. 3109.04(E)(2)(c) requires the trial court to find a change of circumstances in order to terminate a shared parenting agreement. As the appellee properly notes, R.C. 3109.04(E)(2)(c) provides that the trial court may terminate a shared parenting plan at the request of a party or if it determines that the plan is not in the best interest of the child. Furthermore, R.C. 3109.04(E)(2)(d) provides that upon termination of a shared parenting plan, `the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children * * * as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made."
Other Ohio appellate courts have agreed that a "change in circumstances" is not a prerequisite for terminating a shared parenting decree. In Patton v. Patton (Jan. 23, 1995), Clinton App. No. CA-94-04-011, unreported, the court reasoned:
 "As previously stated, a trial court may terminate a shared parenting decree that includes a jointly submitted shared parenting plan upon the request of one or both of the parties. Nothing more is required. * * * The provisions of R.C. 3109.04(E)(1)(a) do not control in a case where a party makes a motion to terminate a shared parenting decree pursuant to R.C. 3109.04(E)(2)(d). After terminating a shared parenting decree, `custody is to be determined ab initio.'"
Id., citing Blair v. Blair (1986), 34 Ohio App.3d 345.
Likewise, in In the Matter of Wright (May 27, 1997), Brown App. No. CA96-10-019, unreported, the court stated:
 "R.C. 3109.04(E)(1)(a) prohibits a trial court from modifying parental rights and responsibilities under a shared parenting agreement unless it determines that there has been a change in circumstances and that modification is in the child's best interest. Appellant, however, sought to terminate the shared parenting agreement. R.C. 3109.04(E)(2)(c) addresses the requirements for terminating a shared parenting agreement, but does not refer to a change in circumstances as a prerequisite. The provision only refers to the best interests of the child."
See also In the Matter of Stiffler (Sept. 29, 1994), Highland App. No. 94 CA 841, unreported ("In the case at bar, we find that the trial court used the appropriate standard in determining this issue. The court found that the joint custody plan was no longer in Matthew's best interest. The court determined the custody issue according to the best interest of the child as if making an original allocation of parental rights."); Bittner v. Bittner (May 17, 1991), Geauga App. No. 90-G-1571, unreported ("Upon the termination of a joint custody decree, the court is required to issue a modified custody decree as if joint custody did not occur and as if it were making an original award of custody. * * * [T]he initial determination of custody is based on the best interests of the child."); Hayes v. Hayes (Nov. 18, 1991), Warren App. No. CA91-05-040, unreported ("Accordingly, upon the termination of a joint custody decree, the court is required to award custody * * * as if joint custody did not occur and as if it were making an original award of custody. * * * The custody modification procedures * * * are not applicable when joint custody is terminated.").
In light of Patricia's attempt to terminate, rather than modify, the parties' shared parenting plan, we find R.C.3109.04(E)(2)(c) and (d) applicable.[1] Those provisions do not require the trial court to consider a change in circumstances before terminating a shared parenting plan. Consequently, we cannot find reversible error in the trial court's alleged failure to properly consider Patricia's changed circumstances, and we overrule her first assignment of error.
 II. "The trial court erred and/or abused its discretion in overruling the decision of the magistrate and finding that a modification of the prior shared parenting plan was not in the best interest of the children."
In this assignment of error, Patricia contends the trial court erred when it rejected the magistrate's decision and found her motion for a change of custody contrary to the best interest of the parties' children. In particular, Patricia notes that the trial court rejected the magistrate's findings despite the magistrate's ability to observe the witnesses' demeanor and assess the credibility of their testimony first-hand. She also argues that the trial court failed to consider all relevant evidence and factors when determining the best interest of the children.
Patricia first suggests that the trial court should have taken a more deferential approach in its review of the magistrate's decision. We disagree. Karl filed timely objections to the magistrate's decision. Upon review of Karl's objections, the trial court remained free to adopt, reject, or modify the magistrate's ruling. Furthermore, this court recently explained that a trial court's review of a magistrate's findings is not similar to an appellate court's review of a trial court's decision. In Daley v. Daley (Jan. 31, 1997), Miami App. No. 96 CA 14, we stated:
 "A magistrate functions as an arm of the trial court, which is in no way bound to follow or accept the findings or recommendations of its magistrate. Seagraves v. Seagraves (August 25, 1995), Montgomery App. Nos. 15047 and 15069, unreported. In accordance with Civ.R. 53, the trial court must conduct an independent de novo review of the facts and conclusions contained in the magistrate's report and recommendations and enter its own judgment. Dayton v. Whiting (March 29, 1996), Montgomery App. No. 15432, unreported. The trial court may adopt the magistrate's findings, conclusions, and recommendations, but the court's discretion in that regard is not limited. Therefore, the court cannot abuse its discretion by rejecting some or all of its magistrate's findings. Seagraves, supra.
 "The roles of a magistrate and the trial court are different. The function of a magistrate is to aid the court in the expedition of the court's business, not to act as a separate or substitute judicial officer. Whiting, supra. The standards for appellate review simply do not apply to the trial court's acceptance or rejection of a magistrate's findings or recommendations. Seagraves, supra."
Accordingly, the trial court in the present case remained free to accept or reject any part of the magistrate's decision. See Civ.R. 53(E)(4)(b). Karl filed objections to the magistrate's findings of fact and conclusions of law as provided by Civ.R. 53(E)(3)(b). Upon consideration of these objections, the trial court reviewed a transcript of the testimony and disagreed with the magistrate's findings. Unlike appellate courts, which typically do employ a deferential standard of review, the trial court was not similarly constrained in its review of Karl's objections and the magistrate's conclusions. Accordingly, we cannot agree that the trial court abused its discretion simply because it rejected some or all of the magistrate's findings.Daley, supra.
In the remainder of her brief, Patricia argues that the trial court failed to consider all relevant evidence presented to the magistrate. At the outset, however, we point out that Patricia's second assignment of error misstates the nature of her motion. As we explained above, Patricia did not seek modification of the parties' shared parenting plan. To the contrary, as the magistrate recognized, she sought termination of the plan and designation as "residential parent" of the children. Consequently, the trial court should have analyzed her request under R.C.3109.04(E)(2)(c), which states that a trial court "may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents" or
"whenever it determines that shared parenting is not in the best interest of the children."
As the Twelfth District Court of Appeals recognized inPatton, supra, "the plain language of [R.C.3109.04(E)(2)(c)][2] allows the trial court to terminate a final shared parenting decree that includes a jointly submitted shared parenting plan upon the request of one or both of the parties. The court is not required to find that the shared parenting decree is no longer feasible or to find that the decree is not in the best interest of the children."
The shared parenting plan in the present case was jointly submitted and approved by the trial court under R.C.3109.04(D)(1)(a)(i). As a result, the trial court was empowered by R.C. 3109.04(E)(2)(c) to terminate the shared parenting decree either "upon the request of one or both of the parents" or
"whenever it determines that shared parenting is not in the best interest of the children."
In its decision and judgment, however, the trial court failed to address or consider termination of the parties' shared parenting decree under R.C. 3109.04(E)(2)(c) and (d). Instead, it proceeded under the more general modification provisions of R.C.3109.04(E)(1)(a), finding that Patricia failed to meet that statute's stringent standards. As the trial court recognized, R.C. 3109.04(E)(1)(a) required Patricia to demonstrate (1) a change of circumstances and (2) that modification is in the children's best interest of the child. Additionally, the trial court noted that the statute required her to prove "that the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
By contrast, R.C. 3109.04(E)(2)(c) allows a trial court to terminate a jointly submitted shared parenting plan upon the request of one party. Nothing more is required. Patton, supra. A change in circumstances is not necessary. Furthermore, when the shared parenting plan was jointly submitted by the parties under R.C. 3109.04(D)(1)(a)(i), as it was in the present case, the statute does not even require the court to conduct a best-interest analysis.[3] Id. Perhaps most importantly, after the court terminates a shared parenting plan, the court then proceeds to allocate parental rights ab initio, as if making an initial custody determination. See R.C. 3109.04(E)(2)(d); Brennaman,supra; Patton, supra; Stiffler, supra; Bittner, supra; Hayes,supra; Wright, supra.
Given the dramatically different standards set forth in R.C.3109.04(E)(1)(a) and R.C. 3109.04(E)(2)(c) and (d), we cannot say with certainty that the trial court would have reached the same result if it had considered the evidence under the latter statute. In its decision and judgment, the trial court recognized that "this case would be a tough call if the Court were faced with an initial custody situation." If the court finds termination of the parties' shared parenting plan proper under R.C. 3109.04(E)(2)(c), however, then the court will proceed under R.C. 3109.04(E)(2)(d) as if making an initial custody determination.
Consequently, we must remand this cause for the trial court to consider the existing record under R.C. 3109.04(E)(2)(c) and (d). In so doing, the court should first determine whether or not to terminate the parties' shared parenting plan. If the court finds termination of the plan appropriate, the court then must proceed with an allocation of parental rights as if making the allocation for the first time.
Judgment reversed and cause remanded for further proceedings consistent with this opinion.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Theresa A. Baker
Richard T. Brown
Hon. Charles A. Lowman
[1] In its ruling, the magistrate recognized that Patricia's motion sought termination of the shared parenting plan. In her brief to this court, however, Patricia incorrectly characterizes her motion as a motion to "modify" the shared parenting plan. By its own terms, Patricia's motion, which was styled as a "Motion for Change of Custody," sought her sole custody, care, and control of the parties' minor children. In order to grant a change of custody, however, and award Patricia sole custody, the trial court necessarily would have been required first to terminate the existing shared parenting plan. Consequently, we cannot agree that Patricia's motion constituted a motion to modify the existing shared parenting plan.
[2] In its opinion, the Patton court actually cites "R.C. 2103.04(E)(2)(d)," a non-existent statute. Read in context, however, the court obviously intended to cite R.C. 3109.04(E)(2)(c), which does set forth the legal proposition advanced by the court.
[3] Although the language of R.C. 3109.04(E)(2)(c) allows a trial court to terminate a jointly submitted shared parenting plan "upon the request of one or both of the parents" without expressly requiring a best-interest analysis, we remain convinced that a trial court's discretion in the matter must be guided at least in part by the children's best interest. As a practical matter, of course, when a parent wants shared parenting terminated and refuses to cooperate, it is difficult to imagine continuation of shared parenting being in the children's best interest.