DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment granting a motion for a modification of the allocation of parental rights and responsibilities filed by Kurt Smith, Jr., defendant below and appellee herein.
Robyn Smith (now known as Stribling), plaintiff below and appellant herein, raises the following assignment of error for review:
 "THE TERMINATION OF THE SHARED PARENTING PLAN IS NOT IN THE BEST INTEREST OF THE CHILDREN IN THAT THE HARM LIKELY TO BE CAUSED BY THE CHANGE OF ENVIRONMENT WAS NOT OUT WEIGHED [SIC] BY THE ADVANTAGES IN THE CHANGE OF ENVIRONMENT TO THE CHILDREN."
Our review of the record reveals the following facts pertinent to the instant appeal. On February 14, 1990, the parties married. The parties had two children: Levi, date of birth October 19, 1992; and Matthew, date of birth May, 15, 1990. On November 3, 1993, appellant filed a complaint for divorce.
On January 31, 1994, the parties entered into a shared parenting agreement. On February 3, 1994, the trial court issued a divorce decree that incorporated the shared parenting agreement. We note that a September 15, 1994 modification of the shared parenting plan placed custody of the children with appellant. The evidence further revealed that the parties reunified from 1996 to 1998.
On September 29, 1998, appellee filed a motion to modify the prior order allocating parental rights and responsibilities. Appellee requested: (1) the trial court to designate him the primary residential parent and the legal custodian of the parties' minor children; and (2) the trial court modify the child support obligation. Appellee asserted that a change in circumstances had occurred that warranted a modification of the prior order allocating parental rights and responsibilities. In particular, appellee contended that appellant had begun acting in an erratic manner, noting that she had been forced to resign a job and that she had taken an overdose of medication as a cry for help. Appellee alleged that appellant is emotionally unstable, financially irresponsible, and unable to provide a stable home environment for the children.
On May 5, 1999, the guardian ad litem filed a report recommending that the court continue the shared parenting plan. In her report, the guardian stated: "[T]he best consistency the boys can have is to maintain the shared parenting plan that is currently in effect."
On September 20, 1999, the magistrate held a hearing regarding appellee's motion to modify the allocation of parental rights and responsibilities. On October 12, 1999, the magistrate issued a proposed decision. The magistrate noted that appellant, following the parties' initial separation, had moved several times and had irresponsibly used appellee's credit cards. Appellant took the credit cards to a grocery store and used them to purchase items that included a considerable number of money orders. When appellee discovered appellant's activities, he cut up the credit cards. Appellant, however, continued to do the same thing by taking the credit card numbers to the grocery store.
The magistrate found that appellant continues to have financial problems that affect the stability of her day-to-day life. The magistrate noted that appellant had a car repossessed and her telephone disconnected. The magistrate further noted that appellant had been suffering from mental health problems. Appellant had been treated for depression for some years and has been on medication since 1995. The magistrate noted that at the time of the parties' second separation, appellant attempted suicide.
The magistrate noted that appellant currently works in Parkersburg, West Virginia. When the children stay with her, appellant wakes the boys up "very early" and drives them to appellee's home in Glouster. The magistrate found that it is not in the children's best interests to wake up very early in the morning, and be taken to another household, and then put on a school bus.
The magistrate further found that both boys have suffered from the instability in their lives. Levi has had serious behavioral problems at school and Matthew is concerned about the uncertainty in his life. Apparently both boys see a counselor.
The magistrate noted that appellee has lived in the same home in Glouster for nine years and that appellee's parents live a few miles away and have always been available to assist him with the children. The magistrate found that appellee has maintained steady employment, a stable household, a responsible attitude toward money, has met his child support obligations, has a supportive family network, and understands that sorting out the boys' school situation is important. The magistrate recognized that the guardian ad litem recommended that the shared parenting plan continue. The magistrate also noted, however, that the guardian further stated that above all else, the boys need some "very uneventful stability for a long stretch of time."
Thus, the magistrate recommended that the shared parenting plan be terminated and that appellee be designated the residential parent. The magistrate concluded that "[appellant's] financial problems indicate a degree of deceit on [appellant]'s part that militates against a shared parenting arrangement." The magistrate also concluded that appellant's deceitful conduct and appellee's understandable mistrust of appellant hampers the parties' ability to cooperate and communicate in a method that serves the children's best interests. Moreover, the magistrate concluded that appellant's frequent change of residence (five residence changes in five years), appellant's personal problems, and the behavioral problems that have led to the need for counseling for both children constitute a change of circumstances that justifies the modification. Thus, the magistrate concluded that the best interests of the children would be served by designating appellee the primary residential parent and legal custodian.
On December 17, 1999, appellant filed objections to the magistrate's decision. Appellant argued that the magistrate's decision: (1) fails to comply with statutory requirements; (2) punishes appellant for filing bankruptcy; and (3) fails to follow the guardian's recommendation.
On February 1, 2000, the trial court adopted the magistrate's decision. The trial court did not believe that the magistrate inappropriately relied upon appellant's filing for bankruptcy. Rather, the trial court noted that the magistrate accounted for appellant's lack of financial responsibility and deceit as tending to show that appellant could not provide stability in the children's lives. The trial court, noting that the magistrate is in the best position to evaluate the credibility of parties, found sufficient evidence to support magistrate's decision. Appellant filed a timely notice of appeal.
In her sole assignment of error, appellant contends that the trial court erred by determining that terminating the shared parenting plan would serve the children's best interests. Specifically, appellant asserts that the trial court failed to comply with R.C. 3109.04 (E) (1) (a). Appellant also argues that the trial court failed to consider certain evidence, including appellant's contention that appellee threw appellant out in the middle of the night with no clothes and that appellee had removed the children from appellant and hid them at his parents' house. Appellant further argues that the trial court's decision discriminates against appellant because she filed for bankruptcy. Appellant also notes that the trial court's decision is contrary to the guardian's recommendation.
We initially note that a reviewing court will uphold a trial court's decision regarding the allocation of parental rights and responsibilities when substantial credible and competent evidence exists to support the trial court's decision. See, e.g., Bechtolv. Bechtol (1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus (stating that when "an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court"); see, also, Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, 1162. Furthermore, a reviewing court should afford the utmost deference to a trial court's decision regarding child custody matters. See,e.g., Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, 849. Consequently, absent an abuse of discretion, a reviewing court will not reverse a trial court's decision regarding child custody. See, e.g., Bechtol, supra. A trial court does not abuse its discretion unless the trial court's judgment is arbitrary, unreasonable, or unconscionable.
When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140, 1142. As the court explained in SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, 1276:
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
See, also, Davis, 77 Ohio St.3d at 418, 674 N.E.2d at 1162. Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Id., 77 Ohio St.3d at 419,674 N.E.2d at 1163.
While a trial court's discretion in a custody modification proceeding is broad, its discretion is not absolute. The trial court must follow the procedure outlined in R.C. 3109.04. Miller,37 Ohio St.3d at 74, 523 N.E.2d at 849.
R.C. 3109.04 (E) (1) (a) governs the modification of a prior decree of the allocation of parental rights and responsibilities. The statute provides:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Thus, in determining whether to modify custody, three factors generally guide a trial court's decision: (1) whether there has been a change in circumstances; (2) whether a modification is in the child's best interests; and (3) whether the benefits resulting form the change will outweigh any harm. See R.C.3109.04 (E) (1) (a); see, e.g., Clark v. Smith (1998), 130 Ohio App.3d 648,653, 720 N.E.2d 973, 976.
In Davis, 77 Ohio St.3d at 416-17, 674 N.E.2d at 1161, the court discussed the requirement of a "change in circumstances" and emphasized that a trial court's finding of whether a change in circumstances has occurred must not be disturbed absent an abuse of discretion. The court stated:
 "R.C. 3109.04 requires a finding of a `change in circumstances.' Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion. In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change, including a change in circumstances because of a child's age and consequent needs, as well as increased hostility by one parent (and that parent's spouse) which frustrates cooperation between the parties on visitation issues."
The Davis court continued:
 "Clearly, there must be a change of circumstances to warrant a change of custody, and the change must be of substance, not a slight or inconsequential change. The nomenclature is not the key. As the Wyss court aptly stated:
 `The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.' Wyss [v. Wyss (1982)], 3 Ohio App.3d [412,] 416, 445 N.E.2d [1153,] 1157.
 In determining whether a `change' has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846."
Davis, 77 Ohio St.3d at 418, 674 N.E.2d at 1162. We additionally note that "[t]he purpose of finding a change of circumstances is to prevent a constant relitigation of issues which have already been determined by the trial court. Clyborn v. Clyborn (1994),93 Ohio App.3d 192, 196, 638 N.E.2d 112." Allgood v. Allgood (Oct. 25, 1999), Warren App. No. CA98-12-156, unreported.
Once a change in circumstance has been demonstrated, the trial court next must consider whether the modification would serve the child's best interests. R.C. 3109.04 (F) (1) specifies the factors that a trial court should consider when determining a child's best interests:
 In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to [certain criminal offenses];
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
In the case at bar, we find substantial competent and credible evidence to support the trial court's decision to terminate the shared parenting plan and to modify the allocation of parental rights and responsibilities. We find no abuse of the trial court's discretion.
We disagree with appellant's argument that the trial court failed to comply with R.C. 3109.04 (E) (1) (a). We note that the record contains sufficient evidence supporting the trial court's finding that a change in circumstances occurred sufficient to modify the allocation of parental rights and responsibilities. As the magistrate noted, appellant has been experiencing emotional and financial stability problems that have affected the children's well-being. Moreover, the magistrate noted that appellant's deceitful conduct hampered the parties' ability to communicate about the care of the children. We do not believe that the trial court inappropriately considered appellant's filing for bankruptcy in modifying the prior decree. Rather, the trial court and the magistrate considered that factor as tending to demonstrate that appellant lacked the ability to control and maintain stability in her life and for her children. Thus, the trial court reasonably could have concluded that providing the children with a permanent stable environment would serve the children's best interests.
With respect to appellant's argument that the magistrate failed to consider certain evidence, we note that the magistrate, not a court reviewing a cold record, is in the best position to consider and evaluate the testimony and evidence. See Davis,supra. Furthermore, although appellant asserts that her June 27, 1998 suicide attempt was a one-time drug overdose, the record reveals that appellant has been experiencing mental health problems for several years.
Finally, we disagree with appellant that the trial court abused its discretion by failing to follow the guardian's recommended that the shared parenting plan continue. We, like the trial court, recognize that a guardian ad litem plays an important role in child custody matters and in evaluating the best interests of children. A guardian ad litem's recommendation, however, is not binding upon a trial court. The trial court must be free to evaluate all of the evidence and determine, based upon the entire record, the children's best interests.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Opinion, Evans, J.: Concurs in Judgment Only.
 _____________________ Peter B. Abele, Judge