OPINION
Appellant Joseph Oliver appeals the decision of the Tuscarawas County Court of Common Pleas that sua sponte terminated a shared parenting plan and designated Appellee Pamela Arras the legal custodian and residential parent of the parties' three minor children. The following facts give rise to this appeal.
The parties to this appeal were divorced in 1997. At the time of the divorce, the parties entered into a shared parenting plan which designated appellee the primary residential parent for their three minor children. On April 17, 2000, following extensive litigation and negotiations between the parties on a post-decree motion, the parties entered into an agreed judgment entry that incorporated an amended shared parenting plan.
On August 28, 2000, appellee filed a motion to modify the shared parenting plan citing appellant's refusal to comply with the terms of the plan or, in the alternative, a termination of the shared parenting plan and reallocation of parental rights. A magistrate conducted a hearing on appellee's motion on March 12, 2001, and April 30, 2001. The magistrate issued his decision on May 22, 2001, and recommended the termination of the shared parenting plan and a reallocation of parental rights designating appellee residential parent and legal custodian of the parties' three minor children. The magistrate also recommended visitation rights for appellant.
Appellant timely objected to the magistrate's decision. On October 24, 2001, the trial court overruled appellant's objections and adopted the recommendations of the magistrate. Appellant filed a notice of appeal to this court and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE BEST INTERESTS OF THE CHILDREN BY TERMINATING THE SHARED PARENTING PLAN SUA SPONTE.
 II. IF THIS COURT HOLDS THAT IT WAS APPROPRIATE TO TERMINATE THE SHARED PARENTING PLAN, THE TRIAL COURT ABUSED ITS DISCRETION IN THAT IT DISREGARDED THE PROVISIONS OF R.C. § 3109.04(F)(1) IN REALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES.
 Standard of Review
Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415, 418, citing Miller v. Miller (1988), 37 Ohio St.3d 71,74. The Ohio Supreme Court applied the abuse of discretion standard to custody cases in Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus, and held as follows:
 Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. (Trickey v. Trickey [1952], 158 Ohio St. 9, 47 O.O. 481, 106 N.E.2d 772, approved and followed.)
"The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."Davis at 418. In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,81, the Ohio Supreme Court explained:
 A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.
It is based upon this standard that we review appellant's two assignments of error.
 I, II
We will address appellant's First and Second Assignments of Error simultaneously as both concern whether the trial court considered the best interests of the children when it terminated the shared parenting plan. Appellant contends, in his First Assignment of Error, that the trial court should have notified the parties that it was considering termination of the shared parenting plan so each party could have presented evidence concerning the best interests of the children. In his Second Assignment of Error, appellant maintains the trial court failed to consider the factors contained in R.C. 3109.04 in determining the best interests of the children.
As to appellant's First Assignment of Error, the statute at issue, R.C. 3109.04, does not require a trial court to notify the parties that it may be considering termination of a shared parenting plan. Nor is there any case law imposing such a requirement. Accordingly, we overrule appellant's First Assignment of Error.
Appellant maintains, in his Second Assignment of Error, that the trial court did not consider the factors contained in R.C. 3109.04(F)(1)(a) through (j) in determining the best interests of the children. There are certain statutory factors a trial court is required to consider in determining whether modification of custody is appropriate. These factors are contained R.C. 3109.04(E)(1)(a). First, a trial court must determine whether there has been a change in circumstances. R.C. 3109.04
does not define "change in circumstances," however, courts have generally held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child."Rohrbaugh v. Rohrbaugh (2000), 136 Ohio App.3d 599, 604-605, citing Wyssv. Wyss (1982), 3 Ohio App.3d 412, 416.
The second factor a trial court must consider is whether the modification is in the best interest of the child. In making this determination, a trial court is required to consider, but is not limited to considering, the factors contained in R.C. 3109.04(F)(1)(a) through (j). Finally, a trial court must find that the harm that will result from the change will outweigh the resultant benefits. See R.C.3109.04(E)(1)(a)(iii).
The trial court terminated the shared parenting plan pursuant to R.C.3109.04(E)(1(c). This section of R.C. 3109.04 does not require a trial court, prior to terminating a shared parenting plan, to find either a change in circumstances or that the harm likely to be caused by the change of environment is outweighed by the advantages of the change of environment.
However, at least one other court of appeals has recognized that subsection (c) of R.C. 3109.04(E)(2) is subordinate to the general provision of R.C. 3109.04(E)(1)(a). See Stout v. Stout (Oct. 17, 2001), Union App. No. 14-01-10, unreported; Inbody v. Inbody (June 5, 1995), Hancock App. Nos. 5-94-37, 5-94-46, unreported; Clyborn v. Clyborn
(1994), 93 Ohio App.3d 192, 195. We agree with this interpretation and conclude that in order to terminate a shared parenting plan, the trial court must consider the factors contained in R.C. 3109.04(E)(1)(a), in addition to complying with subsection (c) of the statute.
In its judgment entry, the trial court properly identified the three factors it must consider in determining whether to terminate a shared parenting plan. Specifically, the trial court found in its conclusions of law:
 1. The Court shall not modify a prior decree allocating Parental Rights and Responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the Court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *
 The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. O.R.C. § 3109.04(E)(1)(a)(iii).
* * *
 5. In determining if shared parenting is in the best interest of the children the Court shall consider all relevant factors, including but not limited to, the factors enumerated in division in (sic) division (sic) (F)(1) of O.R.C. § 3109.04 and all of the following factors:
 (a) The ability of the parents to cooperate and to make decisions jointly with respect to the children.
 (b) The ability of each parent to encourage the sharing of love, affection and contact between the child and other parent. Magistrate's Decision, May 22, 2001, at 4-5.
Thus, the trial court properly identified the applicable law. However, the trial court made no findings of fact with regard to the best interests of the children. Instead, as noted above, the trial court's decision merely identified the statutory section containing the factors to be considered in making a best interest determination, but did not apply these factors to the case sub judice and make any findings of fact concerning the best interests of the children.
Therefore, we sustain appellant's Second Assignment of Error and remand this matter to the trial court for it to make findings of fact concerning the best interests of the children.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: WISE, J., GWIN, P.J., and FARMER, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. Costs to appellee.