OPINION
 STATEMENT OF THE FACTS AND CASE {¶ 1} This is an appeal from a decision of the Common Pleas Court of Knox County relative to a motion of appellant for reallocation of parental rights and responsibilities which was followed by a motion with several requests by appellee.
 {¶ 2} The Magistrate recommended a termination of the shared parenting plan with appellant designated as residential parent and legal custodian of the minor children.
 {¶ 3} A proposed relocation of appellee to the state of Washington precipitated appellant's motion.
 {¶ 4} The trial court did not accept the Magistrate's determination, retained the prior shared parenting agreement with amendments and revised visitation and financial considerations.
 {¶ 5} Appellant raises the following Assignment of Error:
ASSIGNMENT OF ERROR
 {¶ 6} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO ADOPT THE MAGISTRATE'S DECISION BASED SOLELY UPON NO FINDING OF A CHANGE IN CIRCUMSTANCE."
 I. {¶ 7} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 8} The applicable statutes are R.C. § 3109.04(E)(1)(a)(i)(ii) and (iii) and R.C. § 3109.04(F).
 {¶ 9} R.C. § 3109.04(E)(1)(a)(i)(ii) and (iii) states:
 {¶ 10} "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 11} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 12} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 13} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 14} R.C. § 3109.04(F) states:
 {¶ 15} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 16} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 17} "(b) If the court has interviewed the child in chambers pursuant to division
 {¶ 18} (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 20} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 21} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 23} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 24} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 25} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 26} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 27} "(2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:
 {¶ 28} "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 {¶ 29} "(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 {¶ 30} "(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 {¶ 31} "(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;
 {¶ 32} "(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.
 {¶ 33} "(3) When allocating parental rights and responsibilities for the care of children, the court shall not give preference to a parent because of that parent's financial status or condition."
 {¶ 34} In response to the Magistrate's findings and recommendations, appellee filed certain objections, each of which were reviewed and addressed by Judge Eyster.
 {¶ 35} The only objection raised by appellee and sustained which is pertinent here is objection number ten.
 {¶ 36} Before we review the conclusions reached as to such objection, we must first comment on the trial court's conclusion as contained on page two with reference to Oliver v. Arras (2202), 2001AP11 0105, Tuscarawas.
 {¶ 37} As to such case Judge Eyster stated:
 {¶ 38} "The court notes that the Magistrate's decision was issued prior to the Fifth District Court of Appeals decision in Oliver v. Arras, (April 1, 2002), No. 2001AP 11 0105, Tuscarawas Cty. The Fifth District has held that shared parenting could be terminated without establishment of a change of circumstances, but it appears that the standard for terminating shared parenting now includes the necessity of finding a change of circumstances."
 {¶ 39} This Court in Oliver v. Arras, supra, did not conclude that a shared parenting plan could be terminated without a change in circumstances.
 {¶ 40} It specifically stated:
 {¶ 41} "There are certain statutory factors a trial court is required to consider in determining whether modification of custody is appropriate. These factors are contained R.C. 3109.04(E)(1)(a). First, a trial court must determine whether there has been a change in circumstances. R.C. 3109.04 does not define "change in circumstances," however, courts have generally held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." Rohrbaugh v. Rohrbaugh (2000), 136 Ohio App.3d 599,604-605, 737 N.E.2d 551, citing Wyss v. Wyss (1982), 3 Ohio App.3d 412,416, 445 N.E.2d 1153. The second factor a trial court must consider is whether the modification is in the best interest of the child. In making this determination, a trial court is required to consider, but is not limited to considering, the factors contained in R.C. 3109.04(F)(1)(a) through (j). Finally, a trial court must find that the harm that will result from the change will outweigh the resultant benefits. See R.C.3109.04(E)(1)(a)(iii).
 {¶ 42} "The trial court terminated the shared parenting plan pursuant to R.C. 3109.04(E)(2)(c). This section of R.C. 3109.04 does not require a trial court, prior to terminating a shared parenting plan, to find either a change in circumstances or that the harm likely to be caused by the change of environment is outweighed by the advantages of the change of environment.
 {¶ 43} "However, at least one other court of appeals has recognized that subsection (c) of R.C. 3109.04(E)(2) is subordinate to the general provision of R.C. 3109.04(E)(1)(a). See Stout v. Stout (Oct. 17, 2001), Union App. No. 14-01-10, unreported; Inbody v. Inbody (June 5, 1995), Hancock App. Nos. 5-94-37, 5-94-46, unreported; Clyborn v.Clyborn (1994), 93 Ohio App.3d 192, 195. We agree with this interpretation and conclude that in order to terminate a shared parenting plan, the trial court must consider the factors contained in R.C.3109.04(E)(1)(a), in addition to complying with subsection (c) of the statute."
 {¶ 44} It then went on to conclude that R.C. § 3109.04 does not require a trial court, prior to terminating a shared parenting plan, to find either (1) a change in circumstances or (2) that the harm likely to be caused by the change of environment is outweighed by the advantages of the change of environment.
 {¶ 45} Returning then to the basis for sustaining appellee's objection number ten, the trial court stated:
 {¶ 46} "10. Plaintiff's objection number ten asserts that the Magistrate erred in finding that a change of circumstances of the parties exists.
 {¶ 47} "The Magistrate made several factual findings that are sufficient, in this court's opinion, to constitute a change of circumstances of the parties. Plaintiff offers, however, the recent Fifth District case, Decker fka Benedetto v. Benedetto, (April 26, 2002), No. 2001AP 07 0068 2001AP 09 0090, Tuscarawas Cty., unreported, (decided after the Magistrate's Proposed decision was issued) to establish that mother's involvement in numerous short-term relationships, her having moved often, and her contemplated move to Dayton, Ohio, under a plan of shared parenting, were not sufficient to constitute a change of circumstances.
 {¶ 48} "This court finds that it cannot, based upon the holding in Benedetto, hold that a change of circumstances of the parties exists in this case.
 {¶ 49} "This court further finds that it is unfortunate that a different standard does not exist between parenting as a sole custodial parent versus parenting under a shared parenting plan where both parents are considered the custodial parents of the children. There should be no requirement that a change of circumstances exist or alternatively what constitutes a change of circumstances should be more precisely defined. Under shared parenting neither parent should be permitted to arbitrarily relocate the minor children.
 {¶ 50} "This court sustains objection number ten."
 {¶ 51} While we must disagree with the trial court that he is required to determine under Benedetto that no change in circumstances as required by R.C. § 3109.04 occurred due to appellee's intended relocation, we must still deny the Assignment of Error and find that no abuse of discretion occurred.
 {¶ 52} The case sub judice differs from Benedetto in that, while the appellant in Benedetto contemplated an intra-state move from Tuscarawas County to Montgomery County, such move did not form the basis for the trial court's decision to alter the parenting status and the record did not disclose a change in circumstances otherwise.
 {¶ 53} An interstate move such as in this case may or may not constitute a change in circumstances sufficient to modify a shared parenting agreement as the effect on the child or children is of paramount concern. See Hetterich v. Hetterich (April 9, 2001), Butler App. No. CA2000-06-122, Martin v. Martin (March 13, 2002), Summit App. No. 20567.
 {¶ 54} In Hetterich v. Hetterich, the court under all of the factors affecting the child, for example, did not determine that a move to Utah was a sufficient change in circumstances but in Hetterich the move was allowed.
 {¶ 55} As stated in Davis v. Flickinger (1997), 77 Ohio St.3d 415, the application of the facts of a particular case to R.C. §3109.04(E)(1) by the court will not be disturbed on appeal absent an abuse of discretion which we have found is lacking here.
 {¶ 56} This cause is affirmed.
By: Boggins, J., Gwin, P.J and Farmer, J. concur.