[Cite as *Batty v. Batty*, 2018-Ohio-4934.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CHRISTOPHER BATTY, | : | CASE NO. CA2017-10-151 |
| Plaintiff-Appellant, | : | O P I N I O N<br>12/10/2018 |
| | : | |
| - vs - | : | |
| | : | |
| JULIE BATTY, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. CR12-05-0669


Courtney N. Caparella-Kraemer, Suite A, 4841 Rialto Road, West Chester, OH 45069, for plaintiff-appellant

John C. Kaspar, 130 East Mulberry Street, Lebanon, OH 45036, for defendant-appellee


**M. POWELL, J.**

{¶ 1}  Plaintiff-appellant, Christopher Batty ("Father"), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, regarding the care of the parties' child.

{¶ 2}  Father and defendant-appellee, Julie Batty ("Mother"), are the parents of a seven-year old son.  Following the parties' divorce in May 2013, Father was granted custody

of the child, although parenting time was equal between both parties. Over the years, the parties disagreed regarding the care and custody of their child. Disagreements and tension heightened after Father married Cassidy ("Stepmother") in 2014. Stepmother is not employed outside the home and is the primary caregiver of the child. Father has delegated most of his day-to-day parenting duties to Stepmother. Although the divorce decree required Father to "notify [Mother] of all activities and school celebrations so that she may attend and participate, regardless of whether they take place during her parenting time," Mother was not notified of special activities or celebrations at the child's school on several occasions.

{¶ 3} Consequently, on August 3, 2016, Mother filed a contempt motion against Father, alleging Father had failed to notify her of special activities or events at the child's school on five separate occasions. Mother further moved to be designated as the child's custodian and residential parent, or in the alternative, for shared parenting. Father moved to modify the parties' parenting time.

{¶ 4} A hearing on the motions was held before a magistrate. On March 8, 2017, the magistrate denied Mother's motion for custody or shared parenting and granted Father's motion to modify parenting time. The magistrate further found Father in contempt for failing to notify Mother of two special activities or events at the child's school in violation of the divorce decree, to wit, a Book Buddy program in January 2016 and a Jesus Love Me Party in February 2016. Both parties filed objections to the magistrate's decision. Specifically, Father objected to the two contempt findings and to 18 of the magistrate's findings of fact.

{¶ 5} On September 22, 2017, the trial court upheld the magistrate's contempt findings against Father and the magistrate's denial of Mother's motion for custody. The trial court further made several orders regarding the parties' care of the child and Father's obligation to notify Mother of all information regarding the child.

{¶ 6} Father now appeals, raising three assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRORED [SIC] IN FAILING TO ADDRESS APPELLANT'S OBJECTION TO THE MAGISTRATE'S FINDINGS OF FACT.

{¶ 9} Father argues the trial court erred in failing to rule on his objections to the magistrate's findings of fact. Father's first assignment of error is sustained on the basis of Civ.R. 53(D)(4)(d) and *Lynch v. Lynch*, 12th Dist. Warren No. CA2006-12-145, 2007-Ohio-7083. Civ.R. 53(D)(4)(d) provides that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." Thus, "Civ.R. 53(D)(4)(d) imposes a mandatory duty on the trial court to dispose of a party's timely-filed objections to a magistrate's decision." *Lynch* at ¶ 8; *McDaniel v. McDaniel*, 12th Dist. Warren No. CA2006-12-142, 2007-Ohio-4220, ¶ 9. Although Father specifically and timely objected to 18 of the magistrate's findings of fact, the trial court failed to rule on these objections. The trial court's failure to rule on those objections constitutes error. *Lynch* at ¶ 9.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT'S ORDER AS TO A PERSON NOT A PARTY TO THESE PROCEEDINGS IS VOID.

{¶ 12} In its decision, the trial court ordered, "[Stepmother] is not to attend parent/child-oriented activities, such as field trips, hayrides, sports practices, or other activities that occur on [Mother's] parenting time absent express agreement of the parties." Father argues the trial court erred in prohibiting Stepmother from attending such activities because the trial court lacks personal jurisdiction over Stepmother, a nonparty. In support of his argument, Father cites *Ramus v. Ramus*, 8th Dist. Cuyahoga Nos. 38540 and 38148 thru 38150, 1978 Ohio App. LEXIS 10098 (July 27, 1978).

{¶ 13} "In an action in which the Court does not have personal jurisdiction over one

of the persons involved in the litigation, any judgment rendered against that person will be void." *Id.* at *9. While unartfully worded, we find that the challenged sentence merely identifies a person who is not to attend parent/child-oriented activities and does not directly order Stepmother not to attend such activities. Indeed, although the order identifies Stepmother as a person who is not to attend certain parent/child-oriented activities, the order is not directed at her. We find that our position is supported by two qualifications surrounding the challenged sentence, to wit: the qualification at the end of the sentence allowing the parties to agree otherwise, and the qualification immediately preceding the sentence that "Either party may continue to attend any and all activities and functions for [the child]." Although unartful, the sentence is an order for Father, as the child's custodian, to follow, and not Stepmother. It is Father who must undertake reasonable efforts to prevent his wife from attending parent/child-oriented activities occurring during Mother's parenting time absent express agreement of both Mother and Father.

{¶ 14} Father's second assignment of error is overruled.

{¶ 15} Assignment of Error No. 3:

{¶ 16} THE TRIAL COURT ERRORED [SIC] IN ENTERING VAGUE, AMBIGUOUS AND OVERLY BROAD ORDERS OF WHICH THE PARTIES CANNOT BE EXPECTED TO HAVE KNOWLEDGE.

{¶ 17} Father challenges the following trial court's orders on the ground they are so vague and overbroad that he cannot know what he must do to comply with them: (1) Father "shall take a screenshot of any incidental paperwork or bulletins received and text it to [Mother] immediately after he receives them;" (2) Father "will forward all emails and texts received from all sources that relate to [the child] to [Mother] immediately after receipt;" and (3) "The items that [Father] is required to forward to [Mother] are not simply game or other activity dates, but team rosters, parent contact information for teams and all other activities,

snack schedules for sports or other activities, and anecdotal information that he or his proxy may receive." Specifically, Father asserts that "incidental paperwork," "anecdotal information," and the order to forward all emails and texts received from all sources are so vague or overbroad that he "cannot know what he is required to provide to Mother and Mother cannot know what she is required to be provided."

{¶ 18} We find that the first and third orders are not vague or overbroad. Anecdotal is defined as "relating to." *Merriam-Webster's Online: Dictionary and Thesaurus*, https://www.merriamwebster.com/dictionary/anecdotal (accessed Nov. 27, 2018). Incidental is a synonym of associated. *See* William C. Burton, *Burton's Legal Thesaurus*, 268 (1st Ed.1980). Upon reviewing the trial court's decision in its entirety, we find that the first and third orders are plainly related to the child's activities, projects, events, practices, and homework, be it from school, sports, or extracurricular or recreational activities. Thus, the orders require Father to provide any paperwork, bulletins, and information related to the child's school education, participation in sports, and extracurricular activities to Mother. The orders reflect the trial court's goal to reduce the risk of parental alienation regarding Mother and to ensure Mother has an active role in the child's school education and school-oriented activities, sports of choice and sports-oriented activities, extracurricular or recreational activities, and any other parent/child-oriented activities. As the trial court stated, Father "is responsible for [e]nsuring that [Mother] has all information regarding [the child]. [Mother] should not have to guess where and when an event will take place, or whether valentines, snacks, or other details are included if [Father] or his surrogate have the information."

{¶ 19} We find, however, that the trial court's order requiring Father to forward "all emails and texts received from all sources that relate to [the child]" is vague and overbroad. Examples provided by Father in his brief suggest the order could apply, among other things, to correspondence between Father and his counsel or between Father and his relatives as

long as they relate to the child, and to texts from Stepmother as to the child's food preferences for dinner. It is not clear whether the trial court intended for the order to include such or similar situations or to apply solely to emails and texts related to the child's school and sports-oriented activities, projects, events, and schedules. We find that this order lacks the specificity required for the parties to adequately determine their rights and obligations. A more specific delineation of what this order entails is required. Furthermore, given the parties' difficulties in communicating with each other, a more specific order is necessary. *See In re C.E.J.*, 12th Dist. Butler No. CA2013-04-059, 2014-Ohio-2713.

{¶ 20} "We do not believe it is this court's function to second-guess the trial court's actions." *Williams v. Williams*, 12th Dist. Butler No. CA92-05-084, 1993 Ohio App. LEXIS 138, *8 (Jan. 19, 1993). We therefore sustain Father's third assignment of error regarding this order and remand the matter to the trial court to clarify the phrase "all emails and texts received from all sources that relate to [the child]" as well as Father's obligations pursuant to that order. *Id.*; *In re C.E.J.* at ¶ 30.

{¶ 21} Father's third assignment of error is sustained in part and overruled in part.

{¶ 22} Judgment affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

S. POWELL, P.J., concurs.

PIPER, J., concurs separately.

**PIPER, J., concurring separately.**

{¶ 23} I concur with my colleagues that reversal and remand is necessary so that the trial court can make a ruling on Father's objection and issue a more detailed order regarding future communication between Mother and Father. I write separately to articulate

some of my reasoning as to the first assignment of error.

{¶ 24} Within Father's first assignment of error, he argues that the trial court failed to address his objections. The record indicates that Father filed detailed objections, grouping his disagreement with the magistrate's decision into three main categories: (1) factual findings, (2) contempt issues, and (3) the nomenclature to be used by the child in referring to his stepmother. Within the first group of objections, and as pointed out by the majority, Father addressed 18 specific instances where he believed the magistrate made a finding of fact that contradicted the testimony and evidence.

{¶ 25} While the trial court did not expressly rule on Father's first set of objections to the magistrate's findings of fact, the trial court's decision does in fact address some of the issues raised by Father. Specifically, the trial court discusses the visitation schedule and reviewed the factors for consideration when determining what visitation schedule was in the child's best interest. In so doing, the trial court referred to some of the same findings by the magistrate that Father challenged within his objections. As such, the record does demonstrate the trial court's attempt to address Father's concerns regarding the evidence and whether inconsistencies existed. This discussion disposes of some aspects of Father's first set of objections. However, the trial court did not address all components of Father's objections, many of which could have impact on the five additional orders made by the trial court regarding future communication between Mother and Father.

{¶ 26} While Civ.R. 53(D)(4)(d) requires the trial court to rule on all objections after an independent review, it does not necessarily require a separate listing or explanation as to the trial court's decision on the objections. Instead, the rule requires only that the trial court ascertain whether the magistrate properly determined the factual issues and appropriately applied the law. I recognize the possibility that the trial court herein could have addressed and overruled Father's objections, without individually listing each of

- 7 -

Father's 18 challenges to the magistrate's findings of fact. Yet the trial court's ruling must sufficiently address the objections raised.

{¶ 27} While I sympathize with the trial court and recognize its attempt to address Father's objections within its analysis of the best interest factors and other aspects of its decision, I agree with the majority that a remand is necessitated here because several components of Father's objections remained unaddressed. This is particularly pertinent when the trial court's review of Father's objections is also relevant to the ultimate resolution of what Father shall be ordered to do in facilitating future communication issues with Mother.

{¶ 28} As such, I join with the opinion of my colleagues.