[Cite as *In re N.B.*, 2024-Ohio-896.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

N.B.

| | CASE NO. 2023-T-0045 |

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2012 JC 00089

**O P I N I O N**

Decided: March 11, 2024
Judgment: Affirmed

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Appellant, David Burnham).

*Anthony G. Rossi, III*, Guarnieri & Secrest, PLL, 151 East Market Street, Warren, OH 44481, and *Carol A. Sopkovich*, Martin F. White Co., LPA, 156 Park Avenue, N.E., Warren, OH 44481 (For Appellee, Elizabeth Mackenzie).

*Jennifer R. Robbins*, 7081 West Boulevard, Youngstown, OH 44512 (Guardian ad litem).

ROBERT J. PATTON, J.

{¶1} Appellant, David Burnham ("Father"), appeals the order of the Trumbull County Court of Common Pleas, Juvenile Division transferring jurisdiction of an ongoing custody matter to the Commonwealth of Massachusetts.

{¶2} The procedural history for this case is extensive. Multiple delays due to continuances, investigations, COVID-19 restrictions, and some amount of unexplained delay, resulted in a dispute lasting more than ten years.

{¶3}  N.B. born May 19, 2012, is the child of Father and Elizabeth Mackenzie ("Mother"). Father and Mother have disputed custody since N.B. was 6 months old. Initially, Mother relinquished custody to Father. Shortly thereafter, Mother asserted allegations against Father of sexually abusing N.B. The allegations resulted in significant periods of time where Father had no visitation with N.B. The claims were ultimately unsubstantiated, and an investigation into the allegations was closed. The culmination resulted in an agreed judgment entry allocating the parenting rights and responsibilities between the two. The agreed judgment entry, filed April 15, 2019, established in relevant part that: (1) Mother shall be designated as residential parent for school and medical purposes; (2) Mother shall have possession of the minor child at all times, and that both parties acknowledge that N.B. now resides with Mother in Massachusetts; (3) Father shall continue to participate in reunification counseling with N.B.; (4) Father shall be responsible for his own travel expenses for the reunification process; (5) and that the trial court will retain jurisdiction over the matter until further order of the court.

{¶4}  On June 16, 2020, Father filed an ex parte motion requesting emergency custody of N.B. In his motion, Father alleged that Mother was living in a dangerous environment with the child and was exposing the child to a boyfriend who uses drugs and has an extensive criminal history. Father further alleged Mother of coaching the child and interfering with the reunification process. On July 29, 2020, Mother filed a motion to transfer jurisdiction to the Commonwealth of Massachusetts and declare Ohio an inconvenient forum. On June 10, 2021, Father filed a verified supplemental motion to reallocate parental rights and responsibilities. On July 14, 2021, Father filed a motion for drug test.

Case No. 2023-T-0045

{¶5} After a hearing on the matter held July 21, 2021, a magistrate's decision was issued recommending that Father's ex parte custody motion and motion for drug test be denied. On August 5, 2021, the decision was adopted by the trial court.

{¶6} On February 23, 2022, Father filed a motion to show cause for Mother's failure to facilitate reunification. On March 8, 2022, and May 23, 2022, Mother's motion to transfer jurisdiction was heard. On June 29, 2022, a magistrate's decision was filed determining that Ohio is an inconvenient forum, and granting Mother's motion to transfer jurisdiction to Massachusetts, with pending motions stayed until Massachusetts assumes jurisdiction. The decision further ordered that the agreed judgment entry filed on April 15, 2019, continue in full force and effect "unless or until modified."

{¶7} Father timely objected to the magistrate's decision on July 13, 2022, and requested an extension of time to file a supplement to his objections, which was granted by the trial court. Father filed his supplement to objections to the magistrate's decision on February 2, 2023. On May 22, 2023, the trial court overruled all of Father's objections, and adopted the magistrate's decision. Father timely appeals.

{¶8} Father asserts one assignment of error: "The trial court erred and abused its discretion by granting Mother's motion to transfer jurisdiction of this matter to the [Commonwealth] of Massachusetts."

{¶9} Ohio is one of the many states that has adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). R.C. 3127 et seq. In fact, Massachusetts is the only state that has not adopted the UCCJEA.[1] The primary goal of the UCCJEA is

_____

1. During oral argument, the Commonwealth of Massachusetts' non-participation in the UCCJEA was raised as an issue for this Court to consider. In this case, it appears that Massachusetts' status as a non-party to the UCCJEA means that it is under no obligation to enforce custody orders from the State of Ohio. The

3

"to avoid jurisdictional competition and conflict" between states in ongoing custody cases. (Citations omitted). *In re B.P.*, 11th Dist. Trumbull No. 2011-T-0032, 2011-Ohio-2334, ¶ 37.

{¶10} An appellate court reviews a trial court's decision resolving a jurisdictional conflict under the UCCJEA under an abuse of discretion standard of review. In other words, "a reviewing court will not reverse a lower court's exercise of discretion in determining jurisdictional issues involved in an interstate custody or visitation dispute absent an abuse of discretion." (Citations omitted.) *Demarco v. Pace,* 11th Dist. Geauga No. 2019-G-0197, 2019-Ohio-3727, ¶ 31.

{¶11} A trial court's decision to relinquish jurisdiction in accordance with R.C. 3127.21(A), by deeming Ohio an inconvenient forum, is also reviewed under an abuse of discretion standard. *See Q.W. v. A.T.*, 2016-Ohio-5019, 66 N.E.3d 1284 ¶ 13 (10th Dist.); *Walter v. Liu*, 193 Ohio App. 3d 185, 2011-Ohio-933, 951 N.E.2d 457, ¶ 12 (8th Dist.); *Urteaga v. Urteaga*, 12th Dist. Warren No. CA2014-08-109, 2015-Ohio-2465, ¶ 15. Likewise, a trial court's decision to adopt a magistrate's decision is reviewed under abuse of discretion. "[D]ecisions involving the custody of children are accorded great deference on review. * * * Thus, any judgment of the trial court involving the allocation of parental rights and responsibilities will not be disturbed absent a showing of an abuse of discretion. * * * Further, we review a judgment of the trial court adopting the decision of its magistrate

UCCJEA's primary function is to encourage *enforcement* of foreign state custody orders between the States. The enforcement component is the primary benefit of the act as the U.S. Supreme Court has not settled the question of whether the Full Faith and Credit Clause of the U.S. Constitution applies to custody decrees. The UCCJEA does not apply to child support but does apply to custody and visitation issues. The United States Department of Justice's Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention provides further guidance on this subject: https://www.ojp.gov/pdffiles1/ojjdp/189181.pdf

4

Case No. 2023-T-0045

for an abuse of discretion." (Citations omitted). *In re K.R.,* 11th Dist. Trumbull No. 2010-T-0050, 2011-Ohio-1454, ¶ 28.

{¶12} "[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Crytzer*, 11th Dist. Ashtabula No. 2018-A-0077, 2019-Ohio-2285, ¶ 24, quoting State v. Raia, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶9, *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, Black's Law Dictionary 11 (8th Ed.Rev.2004). See *Demarco,* 2019-Ohio-3727, at ¶ 31.

{¶13} R.C. 3127.21 is the statute under the Ohio UCCJEA that allows a trial court to decline jurisdiction if it determines that Ohio is an inconvenient forum.

{¶14} R.C. 3127.21 provides in relevant part:

> (A) A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court.
>
> (B) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including the following:
>
> (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) The length of time the child has resided outside this state;
>
> (3) The distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (4) The relative financial circumstances of the parties;

5

Case No. 2023-T-0045

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation. * * *

**{¶15}** Here, the trial court properly applied R.C. 3127.21 and the factors of R.C. 3127.21(B), as articulated in the magistrate's decision of June 29, 2022. The trial court found that no evidence of domestic violence has occurred or is likely to occur in the future, only allegations, and that the child has resided in the Commonwealth of Massachusetts with Mother since August of 2017. The trial court determined, based on the testimony of Mother, that the distance between the trial court in Ohio and the court that would assume jurisdiction in Massachusetts is 12 hours one way. The court determined that both parties are financially burdened by the distance, as Father receives social security disability of $13,200 per year, while Mother makes $23,000 per year as a paraprofessional at an elementary school. The trial court determined that the parties had made no prior agreement about which state would assume jurisdiction, and that the evidence required to resolve the pending litigation, including testimony of the child, reside primarily in Massachusetts. The trial court noted that the GAL appointed to the case has limited ability to obtain records, speak to witnesses, or interview the child due to the child's location in Massachusetts. The trial court further found that Massachusetts has not adopted the UCCJEA, but that Father's concerns about how Massachusetts would handle the case

6

were mere speculation. The court determined that Ohio does have a more familiar history of the case and its facts and issues than Massachusetts.

{¶16} In *Thomas v. Thomas*, 11th Dist. No. 2023-T-0015, 2023-Ohio-3941, ¶ 26, this Court recently noted that:

> 'The highly deferential abuse-of-discretion standard is particularly appropriate in child custody cases since the trial judge is in the best position to determine the credibility of the witnesses and there "may be much that is evident in the parties' demeanor and attitude that does not translate well to the record."' *In re K.R.* at ¶ 30, quoting *Wyatt v. Wyatt*, 11th Dist. Portage No. 2004-P-0045, 2005-Ohio-2365, ¶ 13. '"In so doing, a reviewing court is not to weigh the evidence, 'but must ascertain from the record whether there is some competent evidence to sustain the findings of the trial court.'" *Id.*, quoting *Clyborn v. Clyborn*, 93 Ohio App.3d 192, 196, 638 N.E.2d 112 (3d Dist. 1994).

{¶17} Based on the findings articulated in the magistrate's decision, the trial court determined that "[t]he factors weighing heavily in this determination is the length of time that the child has resided in Massachusetts and the nature and location of the evidence required to resolve the pending litigation." The evidence in the record demonstrates competent evidence to support the trial court's findings that Ohio is an inconvenient forum. As such, the trial court did not abuse its discretion in adopting the magistrate's decision. Father's sole assignment of error is without merit.

{¶18} Based on the foregoing, we affirm the decision of the Trumbull County Court of Common Pleas, Juvenile Division.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

7

Case No. 2023-T-0045