[Cite as *Hays v. Young*, 2024-Ohio-3149.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| LARRY HAYS, et al., | **CASE NO. 2024-P-0007** |
| Plaintiffs-Appellants, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| TRUSTEE GLENN D. YOUNG ON<br>BEHALF OF THE JOINT LIVING<br>TRUST OF GLEN D. YOUNG AND<br>NAOMI J. YOUNG, et al., | Trial Court No. 2019 CV 01018 |
| Defendants-Appellees. | |

**O P I N I O N**

Decided: August 19, 2024
Judgment: Affirmed

*Oliver T. Koo*, 250 South Chestnut Street, Suite 23, Ravenna, OH 44266 (For Plaintiffs-Appellants).

*William D. Lentz*, Lentz, Noble & Heavner, LLC, 228 West Main Street, Ravenna, OH 44266; and *John A. Rubis*, Ritzler, Coughlin, & Paglia, Ltd., 1360 East Ninth Street, 500 IMG Center, Cleveland, OH 44114 (For Defendants-Appellees).

MARY JANE TRAPP, J.

{¶1} Plaintiffs-appellants, Larry Hays and Margaret Hays (collectively, "the Hays"), appeal from the judgment of the Portage County Court of Common Pleas that adopted the magistrate's decision and entered judgment in favor of defendants-appellees, Glenn D. Young and Naomi J. Young, as trustees of their joint living trust and individually (collectively, "the Youngs").

{¶2} This matter involves a longstanding dispute between adjoining property owners in Ravenna, Ohio. Most recently, the Hays filed a civil complaint against the

Youngs for damages allegedly resulting from adverse conditions on the Youngs' property, including fallen dead trees and encroaching roots.

{¶3} The Hays raise five assignments of error, contending the trial court erred (1) by ignoring or overlooking certain trial evidence in rendering its judgment; (2) by requiring them to mitigate their damages without addressing whether mitigation was reasonable under the circumstances; and (3) by failing to conduct a sufficient independent review of the magistrate's decision.

{¶4} After a careful review of the record and pertinent law, we find as follows:

{¶5} (1) We construe the Hays' first, second, and third assignments of error as challenging the weight of the evidence. Upon review of the record, the trial court's judgment is not against the manifest weight of the evidence.

{¶6} (2) The Hays did not object to the portion of the magistrate's decision concerning mitigation of damages, and they have not claimed plain error on appeal. Thus, their argument is waived.

{¶7} (3) The Hays have not cited anything in the record that rebuts the presumption of regularity, i.e., that the trial court complied with its duty under Civ.R. 53 to conduct an independent, de novo review of the magistrate's decision.

{¶8} Thus, the Hays' assignments of error are without merit, and we affirm the judgment of the Portage County Court of Common Pleas.

**Substantive and Procedural History**

{¶9} The parties have owned adjacent property on Peck Road in Ravenna since 1978. A line fence separates the properties.

Case No. 2024-P-0007

{¶10} In 1980, the Hays filed a civil complaint against the Youngs in Portage County Court of Common Pleas concerning a boundary dispute. In 1982, the parties reached a settlement that was reduced to judgment. The parties agreed, among other things, that the Youngs would replace a portion of the line fence at their cost and, thereafter, that the parties would equally maintain it. The Hays filed motions to enforce the settlement entry in 1988 and 1995.

{¶11} The Hays began raising cattle on their property. In 2016 and 2018, the Hays' attorney sent certified letters requesting that the Youngs remedy several conditions on their property, including dead or diseased trees hanging over the line fence, a ditch, a rock pile, and encroaching roots and canopies.

{¶12} In 2018, Mr. Hays filed a civil complaint against Mr. Young in the Portage County Municipal Court, alleging that in August 2018, a fallen tree from Mr. Young's property damaged the line fence. On May 31, 2019, Mr. Hays voluntarily dismissed his complaint. On the same day, the Hays filed a small claims complaint against the Youngs in the municipal court, alleging that in July 2018, a fallen tree from the Youngs' property damaged the line fence. The matter was tried to the bench. The municipal court found that the Hays failed to prove their allegations by a preponderance of the evidence and entered judgment in favor of the Youngs.

{¶13} In December 2019, the Hays filed the underlying action against the Youngs, asserting claims for trespass, conversion, negligence, nuisance per se, private nuisance, tortious interference, and civil conspiracy and sought compensatory and punitive damages. The Hays alleged, among other things, that two fallen trees from the Youngs' property damaged the line fence in July and August 2018 and that "as of" October 29,

3

2019, exposed roots encroached on their property. The Youngs filed an answer and counterclaim. The Hays filed a response to the counterclaim.

{¶14} After discovery and unsuccessful mediation, the Youngs filed a motion for summary judgment on the basis of res judicata. The trial court granted the Youngs' motion as to "all claims justiciable prior to May 31, 2019" and denied it as to "all claims[] which have arisen since May 31, 2019."

{¶15} The remaining claims were tried to the magistrate. The Youngs voluntarily dismissed their counterclaim. Following the Hays' opening statement, the magistrate granted the Youngs' motion for a directed verdict on the claims of civil conspiracy and conversion. Mr. Hays testified and presented a video, photos, and correspondence. The Youngs did not testify or present any evidence.

{¶16} The magistrate filed a decision recommending judgment in favor of the Youngs. On the same day, the trial court filed a judgment entry that adopted the magistrate's decision and entered judgment in favor of the Youngs.

{¶17} The Hays filed a request for findings of fact and conclusions of law, multiple objections to the magistrate's decision, a request for the trial transcript, and a motion for leave to supplement their objections. The trial court granted the motion for leave, and the magistrate filed findings of fact and conclusions of law.

{¶18} After the transcript was filed, the Hays filed multiple supplemental objections to the magistrate's decision. The trial court filed a judgment entry that overruled the Hays' objections.

{¶19} The Hays appealed and raise the following five assignments of error:

4

{¶20} "[1.] The trial court committed prejudicial error by ignoring or overlooking evidence that the acts or occurrences in question occurred after May 31, 2019.

{¶21} "[2.] The trial court committed prejudicial error by demanding or requiring Appellants' evidence to be in documentary form instead of oral testimony, there was no evidence rebuttal or otherwise from Appellees.

{¶22} "[3.] The trial court committed prejudicial error by requiring Appellants to give additional notice of property issues after May 2019.

{¶23} "[4.] The trial court committed prejudicial error by requiring Appellants [to] mitigate their damages in order to find liability without analyzing whether it was reasonable under the circumstances to do so.

{¶24} "[5.] The trial court committed prejudicial error by failing to conduct sufficient independent review of the Magistrate's Decision."

**Standard of Review**

{¶25} We review the trial court's adoption of the magistrate's decision for an abuse of discretion. *Thomas v. Thomas*, 2023-Ohio-3941, ¶ 24 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

5

**{¶26}** For ease of discussion, we review the Hays' assignments of error out of order and, at times, collectively.

### Independent Review

**{¶27}** In their fifth assignment of error, the Hays contend the trial court erred by failing to conduct a "sufficient" independent review of the magistrate's decision in ruling on their objections. According to the Hays, the trial court "summarily dismissed" their objections without specifically addressing many of them.

**{¶28}** Civ.R. 53 outlines the requirements and procedures for objections to a magistrate's decision. Civ.R. 53(D)(4)(d) provides, in relevant part, "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

**{¶29}** The Supreme Court of Ohio has held that "'Civ.R. 53 places upon the court the ultimate authority and responsibility over the [magistrate's] findings and rulings.'" (Emphasis in original.) *Shelly Materials, Inc. v. Streetsboro Planning & Zoning Comm.*, 2019-Ohio-4499, ¶ 24, quoting *Hartt v. Munobe*, 67 Ohio St.3d 3, 5 (1993). "Thus, . . . a trial court 'has the responsibility to critically review and verify to its own satisfaction the correctness of [a magistrate's decision].'" *Id.*, quoting *Normandy Place Assocs. v. Beyer*, 2 Ohio St.3d 102, 105 (1982).

**{¶30}** The Supreme Court has further held that "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below. . . . A party asserting error in the trial court bears the burden to demonstrate error by

6

reference to matters made part of the record in the court of appeals." *Hartt* at 7. Thus, unless there is something contradictory in the record, this court will presume the trial court complied with its duty under Civ.R. 53 to conduct an independent, de novo review of the magistrate's decision. *Singer Steel Co. v. H & J Tool & Die Co., Inc.*, 2004-Ohio-5007, ¶ 18 (11th Dist.).

{¶31} The trial court stated in its judgment entry that it had considered the Hays' objections and the trial evidence. The trial court was not required to explicitly state that it had "independently reviewed" the objections. *See In re K.R.J.C.*, 2024-Ohio-632, ¶ 9 (11th Dist.) ("we are not aware of any requirement that the trial court specifically state that it has independently reviewed the objected matters"). Although the court addressed the Hays' multiple objections in a consolidated fashion, Civ.R. 53(D)(4)(d) does not prohibit that approach, nor does it require specificity. In fact, the concurring opinion in *Batty v. Batty*, 2018-Ohio-4934 (12th Dist.), which the Hays cite in support of their argument, acknowledges as much: "While Civ.R. 53(D)(4)(d) requires the trial court to rule on all objections after an independent review, it does not necessarily require a separate listing or explanation as to the trial court's decision on the objections." *Id.* at ¶ 26 (Piper, J., concurring). The Hays have not presented anything in the record that rebuts the presumption of regularity. Therefore, we find no error.

{¶32} The Hays' fifth assignment of error is without merit.

**Manifest Weight of the Evidence**

{¶33} In their first, second, and third assignments of error, the Hays contend the trial court overlooked or ignored certain evidence in rendering its judgment. We construe these assignments of error as challenging the weight of the evidence.

7

Case No. 2024-P-0007

{¶34} "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to [its] verdict, if, on weighing the evidence . . . , [the trier of fact] shall find the greater amount of credible evidence sustains the issue which is to be established . . . . Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis deleted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Black's Law Dictionary* (6th Ed. 1990).

{¶35} When determining whether a judgment is against the manifest weight of the evidence, "'[t]he [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶36} "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. . . . If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to

8

sustaining the verdict and judgment.'" *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, fn. 3 (1984), quoting 5 Ohio Jurisprudence 3d, Appellate Review, § 603, at 191-192 (1978).

### Dates of Events

{¶37} In their first assignment of error, the Hays contend the trial court ignored or overlooked trial evidence indicating that "acts or occurrences" took place after May 2019. Specifically, they cite Mr. Hays' testimony that one tree fell on February 21, 2022, and that five trees fell after May 2019 as well as his dated photos.

{¶38} The trial court found as follows:

{¶39} "[T]he instant case, as a matter of law, can only involve any acts of negligence or intentional acts on the part of [the Youngs] occurring after May 31, 2019, which are proven to proximately cause damages to Plaintiffs. As such, the trial was limited to events taking place after May 31, 2019. *A review of the evidence demonstrates that [the Hays] have failed to prove that such acts took place.*

{¶40} "At no point does any evidence presented by [the Hays] show when falling trees or other events actually occurred. While the photos presented by [the Hays] have dates on them demonstrating when the photos were taken, no evidence was presented indicating when the conditions purported to be represented by said photos actually took place. The establishment of the dates of actual occurrence is necessary in order for [the Hays] to demonstrate that the damages alleged did not occur prior to the Municipal Court's finding. The failure of [the Hays] to present evidence as to dates of damage makes it impossible for this Court to find in their favor." (Emphasis added.)

9

{¶41} Upon review, we find no reversible error. The trial court's statement regarding the photos is factually accurate. Mr. Hays testified that he took the photos on a particular date; he did not testify as to when the conditions depicted in the photos first arose.

{¶42} With respect to Mr. Hays' testimony, we construe the trial court's finding as a determination that he did not credibly establish that the Youngs engaged in tortious conduct. The Supreme Court of Ohio has held "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). "A fact finder is free to believe all, some, or none of the testimony of each witness appearing before it." *State v. Fetty*, 2012-Ohio-6127, ¶ 58 (11th Dist.). We see no compelling basis to disturb the trial court's credibility determination.

### *Notice*

{¶43} In their third assignment of error, the Hays contend that the trial court ignored or overlooked trial evidence indicating that the Youngs had actual or constructive notice of property conditions that arose after May 2019.

{¶44} The trial court found that "[n]otwithstanding [the Hays'] complaints regarding conditions alleged to give rise to this matter, including complaints concerning trees, rock piles, ditches, or other conditions, no evidence was offered demonstrating any effort on

10

Case No. 2024-P-0007

the part of [the Hays] to advise [the Youngs] of any such conditions which may have arisen after May 31, 2019."

{¶45} The Hays argue that the Youngs had actual notice of the property conditions that were alleged in the complaint filed in December 2019. However, the complaint did not specifically allege that any conditions arose after May 2019. For instance, the complaint alleged that two trees fell prior that date, i.e., in July and August 2018. In addition, while the complaint alleged the existence of encroaching roots "as of" October 29, 2019, it did not allege when that condition first arose.

{¶46} The Hays next argue that since the Youngs own their property, one could reasonably presume they were aware of its condition from May 2019 until the present. The Youngs' property is titled in the name of their trust. In addition, Mr. Hays testified that the Youngs' son lives on the property, not the Youngs themselves. Thus, the trial evidence does not compel the conclusion that the Youngs were aware of the post-May 2019 property conditions.

### Repairs

{¶47} In their second assignment, the Hays contend that the trial court ignored or overlooked Mr. Hays' trial testimony regarding the cost of labor and materials for line fence repairs. According to the Hays, the trial court effectively required them to submit documentary evidence.

{¶48} The trial court determined that "[e]ven if [the Hays] had been able to demonstrate liability on the part of [the Youngs], no receipts or invoices for materials or services required to make repairs sought by [the Hays] were produced. [The Hays'] only

11

claims for damages were their own estimates and claims for some repair products, which have not been used and may be used for other non-related repairs."

{¶49} The trial court's finding was hypothetical. In other words, the trial court found that *even if* the Hays could prove the Youngs' liability, they could not prove the amount of their damages. Since the Hays have not established reversible error concerning the issue of liability, their damages argument is moot. In any event, the trial court did not state that documentary evidence was required. Rather, the court found that Mr. Hays' testimony, by itself, did not credibly establish the amount of the Hays' alleged damages.

{¶50} In sum, the trial court's judgment is not against the manifest weight of the evidence. Accordingly, the Hays' first, second, and third assignments of error are without merit.

**Mitigation of Damages**

{¶51} In their fourth assignment of error, the Hays contend that the trial erred by requiring them to mitigate their damages without addressing whether mitigation was reasonable under the circumstances. In support of their argument, the Hays cite *Chicago Title Ins. Co. v. Huntington Natl. Bank*, 87 Ohio St.3d 270 (1999), where the Supreme Court of Ohio stated, "The general rule is that an injured party has a duty to mitigate and may not recover for damages that could reasonably have been avoided. However, the obligation to mitigate does not require the party to incur extraordinary expense and risk." *Id.* at 276.

{¶52} The trial court found as follows:

Case No. 2024-P-0007

{¶53} "[The Hays] allege damages due to branches from [the Youngs'] trees overhanging onto their property and roots from [the Youngs'] trees that encroach upon their property. The law is clear that [the Hays] have the right to cut the overhanging branches back and dig out the intruding roots that encroach upon their land provided that they act with reasonable care. *Schoenberger v. Davis*, 8[th] Dist., Cuyahoga No. 45611, 1983 WL 5501, *Al[]h Properties, P.L.L. v. Procare Automotive Serv. Sol[ution]s[], L.L.C.*, 9[th] Dist. Summit No[.] 20991, 2002-Ohio-4246. [The Youngs] cannot be held liable for any alleged damages caused by [the Hays'] failure to mitigate said damages."

{¶54} The magistrate reached the same legal conclusion and cited the same cases; however, the Hays did not object to that portion of the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides, in relevant part, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion . . . ." The Hays have not claimed plain error on appeal, and this court has no obligation to construct a plain-error argument on their behalf.

{¶55} The Hays' fourth assignment of error is without merit.

{¶56} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.


13

Case No. 2024-P-0007